UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO: 2:11-cr-37-FtM-38UAM

FRANCESCO E. MILETO

## **ORDER**

This matter comes before the Court on consideration of the Magistrate Judge's Report and Recommendation (hereafter "Report and Recommendation") (Doc. #73), entered on August 28, 2013, recommending that CRE Venture 2011-2, LLC's Motion to Intervene in Garnishment (Doc. #68) filed on July 30, 2013, be granted. No objections have been filed to the Report and Recommendation and the deadlines to do so has passed.

In the Eleventh Circuit, a district judge may accept, reject or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); see Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112, 103 S. Ct. 744, 74 L. Ed. 2d 964 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo* and the court may

accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); see Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper–Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, and in conjunction with an independent examination of the file, the Court concludes that the Report and Recommendation should be adopted, confirmed, and approved in all respects. The United States does not oppose CRE Venture's intervention nor CRE Venture's garnishment of the specified amounts to which it claims an interest. (Doc. #72). Defendant has withdrawn his objection to Iberiabank's Answer to the Writ of Garnishment and has waived his appearance at any hearings on this garnishment. (Doc. #64, Doc. #71). Thus, the Court will enter a final order in garnishment as set forth below.

Accordingly, it is now

**ORDERED:**

(1) The Report and Recommendation (Doc. #73) entered on August 28, 2013 is adopted, confirmed, and approved in all respects.

(2) CRE Venture 2011-2, LLC's Motion to Intervene in Garnishment (Doc. #68) is **GRANTED** as follows:

   a. Garnishee Iberiabank is **directed** to liquidate the Defendant's nonexempt interest in the funds held in the following accounts and disburse the funds to CRE Venture 2011-12, LLC:

(1) Ventura Gainesville Property Management, LLC, account number xxxxxx3015;

(2) Wood Chase Property Management, LLC, account number xxxxxx3031; account number xxxxxx3049;

(3) Confederate Point Property Management, LLC, account number xxxxxx3072;

(4) Silversmith Creek Property Management, account number xxxxxx3148;

(5) Commons on Anniston Property Management, LLC, account number xxxxxx3403; account number xxxxxx3411;

(6) Morningside Jacksonville Property Management, LLC, account number xxxxxx3510; account number xxxxxx3528; and

(7) In the Pines Property Management, LLC, account number xxxxxxx188; account number xxxxxxx196.

b. Garnishee Iberiabank is **directed** to <u>liquidate</u> the Defendant's nonexempt interest in the funds held in the Long Beach Square Property Management, LLC, account number xxxxxx3106; account number xxxxxx3114, and disburse the funds to the United States, not to exceed $33,512,199.45 on the jointly ordered restitution and $31,701,836.55 on the individually ordered restitution:

The payment to the United States pursuant to this Order shall bear the notation "Francesco E. Mileto, Case No. 2:11-cr-37-SPC-UAM" and

be made payable to the Clerk, United States District Court. The payment shall be sent to:

> Clerk, United States District Court
> Attn: DCU
> 401 W. Central Boulevard, Suite 1200
> Orlando, Florida 32801

(3) Garnishee's attorney's fees and costs shall be <u>deducted</u> from the disbursement.

(4) The Clerk shall enter judgment accordingly and provide a certified copy of this Order and the Judgment to the attorney for CRE Venture 2011-2, LLC for service on garnishee Iberiabank.

**DONE AND ORDERED** at Fort Myers, Florida, this September 19, 2013.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

All Parties of Record
Defendant

4